IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03241-BNB

ADAM DMYTRYSZYN,

    Plaintiff,

v.

TOM CLEMENTS, Executive Director,
LIEUTENANT BERNADETTE SCOTT,
CAPTAIN T. SCOTT,
LIEUTENANT MAGELSON,
MAJOR BILDERAVA,
CAPTAIN BOLT, and
SUPERINTENDENT JAMES FALK,

    Defendants.

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION
AND/OR TEMPORARY RESTRAINING ORDER

    Plaintiff, Adam Dmytryszyn, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional center in Sterling, Colorado. On December 12, 2012, he submitted *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) and a Prisoner Complaint (ECF No. 1). He also submitted a motion for temporary restraining order and preliminary injunction (ECF No. 4) and supporting brief (ECF No. 5). Mr. Dmytryszyn has been granted leave to proceed pursuant to § 1915.

    The Court must construe liberally the motion for temporary restraining order and preliminary injunction because Mr. Dmytryszyn is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the motion for temporary restraining order and preliminary injunction will be denied.

Mr. Dmytryszyn complains that a piece of his incoming mail was opened and the publication contained within, a United States Department of Justice report titled "Eyewitness Evidence: A Guide for Law Enforcement," was censored by prison officials, who confiscated the publication as a threat to prisoner safety and security.  Mr. Dmytryszyn alleges that the publication provides national guidelines for police investigators to reduce the likelihood of wrongful convictions.  He contends he needs the publication to help him research and prepare a state motion for postconviction relief by May 11, 2013, to challenge his conviction.  He argues he intends to assert claims of outrageous government conduct and an unfair trial "because the police officer who investigated the alleged offense questioned the alleged victim in the presence of the other eyewitnesses and tainted their testimony." ECF No. 5 at 1-2.  He seeks a restraining order to prevent prison officials from destroying the publication and a preliminary injunction requiring them to provide the publication to him so that he may use it to prepare his postconviction motion.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest.  *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).  Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific

factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b).

A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Mr. Dmytryszyn is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

Mr. Dmytryszyn's allegations do not demonstrate a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest. The Court is not convinced that, in order to establish a factual and/or legal basis for nonfrivolous postconviction claims, Mr. Dmytryszyn needs to rely on a federal government publication he apparently has not seen in order to file a state postconviction motion in a timely manner. Therefore, the motion for injunctive relief will be denied.

Accordingly, it is

ORDERED that the motion for temporary restraining order and preliminary injunction (ECF No. 4) that Plaintiff, Adam Dmytryszyn, filed *pro se* on December 12, 2012, is denied.

DATED at Denver, Colorado, this  17th  day of   December  , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court