IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03241-BNB

ADAM DMYTRYSZYN,

      Plaintiff,

v.

TOM CLEMENTS, Executive Director,
LIEUTENANT BERNADETTE SCOTT,
CAPTAIN T. SCOTT,
LIEUTENANT MAGELSON,
MAJOR BILDERAVA,
CAPTAIN BOLT, and
SUPERINTENDENT JAMES FALK,

      Defendants.

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

_____

      Plaintiff, Adam Dmytryszyn, is a prisoner in the custody of the Colorado

Department of Corrections who currently is incarcerated at the correctional center in

Sterling, Colorado.  On December 12, 2012, he submitted *pro se* a Prisoner's Motion

and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) and a

Prisoner Complaint (ECF No. 1) for declaratory and injunctive relief.  On December 12

he also submitted a motion for temporary restraining order and preliminary injunction

(ECF No. 4) and supporting brief (ECF No. 5).  The Court denied the motion on

December 17, 2013.  *See* ECF No. 9.

      On January 2, 2013, Mr. Dmytryszyn appealed (ECF No. 10) from the December

17 order to the United States Court of Appeals for the Tenth Circuit (Tenth Circuit).  On

June 11, 2013, the Tenth Circuit affirmed the December 17 order.  *See* ECF No. 19.

The Court must construe the Prisoner Complaint liberally because Mr. Dmytryszyn is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Dmytryszyn will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

Mr. Dmytryszyn complains that a piece of his incoming mail was opened and the contents, a United States Department of Justice (DOJ) report titled "Eyewitness Evidence:  A Guide for Law Enforcement," was censored by prison officials who confiscated the publication as a threat to prisoner safety and security.  Mr. Dmytryszyn alleges that the publication provides national guidelines for police investigators to reduce the likelihood of wrongful convictions.  He contends he needs the publication to help him research and prepare a state motion for postconviction relief  by May 11, 2013, to challenge his state-court menacing conviction.  He argues he intends to assert claims of outrageous government conduct and an unfair trial "because the police officer who investigated the alleged offense questioned the alleged victim in the presence of the other eyewitnesses and tainted their testimony."  ECF No. 5 at 1-2.  He seeks a restraining order to prevent prison officials from destroying the publication and a preliminary injunction requiring them to provide the publication to him so that he may use it to prepare his postconviction motion.  On the basis of these allegations, Mr. Dmytryszyn asserts three claims of violations of his First Amendment free-speech rights and rights to correspond (claims one and two) and right of access to the courts (claim

2

three).  The Court notes that an attorney appears to have forwarded a copy of the DOJ report to Mr. Dmytryszyn, who filed a copy with the Court on February 21, 2013.  *See* ECF No. 16.

Mr. Dmytryszyn fails to allege the personal participation of each named Defendant in the asserted constitutional violations.  In order to state a claim in federal court, Mr. Dmytryszyn "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

In addition, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  Therefore, Mr. Dmytryszyn should name as defendants in his amended complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Dmytryszyn must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*,

3

992 F.2d 1053, 1055 (10th Cir. 1993).  With respect to supervisory officials, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.

Mr. Dmytryszyn may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Dmytryszyn uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

The amended Prisoner Complaint Mr. Dmytryszyn files must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that

the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.   The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Accordingly, it is

ORDERED that Plaintiff, Adam Dmytryszyn, file **within thirty (30) days from the date of this order** an amended Prisoner Complaint that complies with the order.  It is

FURTHER ORDERED that Mr. Dmytryszyn shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that

form in submitting the amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Mr. Dmytryszyn fails to file an amended Prisoner

Complaint that complies with this order within the time allowed, the Prisoner Complaint

and the action will be dismissed without further notice.

DATED June 26, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge