IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03241-BNB

ADAM DMYTRYSZYN,

    Plaintiff,

v.

TOM CLEMENTS, Executive Director,
LIEUTENANT BERNADETTE SCOTT,
CAPTAIN T. SCOTT,
LIEUTENANT MAGELSON,
MAJOR BILDERAVA,
CAPTAIN BOLT,
SUPERINTENDENT JAMES FALK,
LIEUTENANT JERRI MACINTOSH, and
SERGEANT STEPHEN LADD,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND MAGISTRATE JUDGE

    Plaintiff, Adam Dmytryszyn, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional center in Sterling, Colorado. On December 12, 2012, he submitted *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) and a Prisoner Complaint (ECF No. 1) for money damages and declaratory and injunctive relief.

    On December 12 he also submitted a motion for temporary restraining order and preliminary injunction (ECF No. 4) and supporting brief (ECF No. 5). The Court denied the motion on December 17, 2012. *See* ECF No. 9. On January 2, 2013, Mr.

Dmytryszyn appealed (ECF No. 10) from the December 17 order to the United States Court of Appeals for the Tenth Circuit (Tenth Circuit).  On June 11, 2013, the Tenth Circuit affirmed the December 17 order.  See ECF No. 19.

On June 26, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF No. 20) directing Mr. Dmytryszyn to file an amended Prisoner Complaint that asserted the personal participation of each named defendant in the alleged constitutional violations and complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  On August 22, 2013, after being granted an extension of time, Mr. Dmytryszyn filed an amended Prisoner Complaint (ECF No. 28) for money damages and injunctive and declaratory relief.

Mr. Dmytryszyn has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915, without payment of an initial partial filing fee.  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law.  *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 150 (1970).

Mr. Dmytryszyn is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious,

or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the amended complaint liberally because Mr. Dmytryszyn is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed in part as legally frivolous.

Mr. Dmytryszyn complains that a piece of his incoming legal mail was opened and the publication contained within, a United States Department of Justice (DOJ) report titled "Eyewitness Evidence: A Guide for Law Enforcement," was censored by prison officials who confiscated the publication as a threat to prisoner safety and security. Mr. Dmytryszyn alleges that the publication provides national guidelines for police investigators to reduce the likelihood of wrongful convictions. He contends he needed the publication to help him research and prepare a state motion for postconviction relief by May 11, 2013, to challenge his state-court menacing conviction. He argues he intended to assert claims of outrageous government conduct and an unfair trial "based on the police officer's improper handling of the eyewitnesses." ECF No. 28 at 7. He also contends that, because of the publication's censorship, he was delayed in filing his postconviction motion in state court and may be time-barred from seeking federal habeas review of his conviction and sentence if the one-year limitations period for federal habeas review has expired.

On the basis of these allegations he asserts four claims of violations of his First and Fourteenth amendment rights, including rights to free speech and privileged correspondence (claim one); rights to free speech and freedom from censorship (claim two); right of access to the courts (claim three); and rights to privileged correspondence and access to the courts (claim four). Mr. Dmytryszyn is suing the late Tom Clements for instituting and enforcing the prison's censorship policy, Sergeant Stephen Ladd for confiscating the DOJ report as nonlegal mail, and the following individuals as members of the prison reading committee who censored the report: Lieutenant Bernadette Scott, Captain T. Scott, Lieutenant Magelson, Major Bilderava, and Captain Bolt. He is suing James Falk, prison superintendent, for upholding the reading committee's decision. The claims against these Defendants will be drawn to a district judge and a magistrate judge.

Finally, Mr. Dmytryszyn is suing Lieutenant Jerri MacIntosh for denying on March 29, 2013, the grievance he filed concerning the incident. Such allegations are not sufficient to hold Ms. MacIntosh liable under § 1983. "[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). Therefore, the claims against Ms. MacIntosh will be dismissed as legally frivolous pursuant to § 1915(e)(2)(B).

Accordingly, it is

ORDERED that the complaint and action are dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. It is

FURTHER ORDERED that the claims asserted against Defendant Lieutenant

Jerri MacIntosh are dismissed pursuant to § 1915(e)(2)(B) as legally frivolous, and she is removed as a party to this action.  It is

FURTHER ORDERED that the remaining claims against the remaining Defendants are drawn to a district judge and a magistrate judge.  The remaining Defendants are the late Tom Clements, Sergeant Stephen Ladd, Lieutenant Bernadette Scott, Captain T. Scott, Lieutenant Magelson, Major Bilderava, Captain Bolt, and Superintendent James Falk.

DATED at Denver, Colorado, this  7th  day of     November     , 2013.

BY THE COURT:


　s/Lewis T. Babcock　
LEWIS T. BABCOCK, Senior Judge
United States District Court