IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 12-cv-03241-CMA-BNB

ADAM DMYTRYSZYN,

    Plaintiff,

v.

TOM CLEMENTS, Executive Director,
LIEUTENANT BERNADETTE SCOTT,
CAPTAIN T. SCOTT,
LIEUTENANT MAGELSON,
MAJOR BILDERAVA,
CAPTAIN BOLT,
SUPERINTENDENT JAMES FALK,
LIEUTENANT JERRI MACINTOSH, and
SERGEANT STEPHEN LADD,

    Defendants.

---

**ORDER ADOPTING AND AFFIRMING MAY 6, 2014
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This case was referred to United States Magistrate Judge Boyd N. Boland pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. (Doc. # 36.) On May 6, 2014[1], Judge Boland issued a Recommendation on Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (Doc. # 40.) In that Recommendation, Judge Boland recommended that the Court grant in part and deny in part Defendants' Motion. (Doc. # 55.) Specifically, Judge Boland recommended that this Court dismiss claims

---

[1] Judge Boland initially issued a Recommendation on May 5, 2014, but then issued an Amended Recommendation the following day. Accordingly, the Court assesses the soundness of the Amended Recommendation.

one, three, and four, but allow claim two to move forward.  (*Id.*)  On May 22, 2014, Plaintiff filed a timely objection to Judge Boland's Recommendation.  (Doc. # 56.)  Defendants did not file a response.

First, Plaintiff objects to Judge Boland's recommendation that his first claim be dismissed.  Judge Boland observed, "[P]laintiff does not identify any material in the Report that could be classified as 'privileged,' nor does he allege any facts to show that opening the Report violated his right to free speech."  (Doc. # 55 at 11-12.)  Plaintiff contends that Judge Boland "misapprehended the factual allegations in [his] complaint . . . ."  Specifically, Plaintiff states that his mail from the U.S. Department of Justice is privileged and should have been opened in his presence.  (Doc. # 56 at 3.)  However, as Judge Boland observed, Plaintiff does not allege why the DOJ Report was privileged.  Therefore, his allegation that the DOJ Report was privileged in conclusory.  Accordingly, the Court agrees that he has failed to state a claim.

Second, Plaintiff contends that Judge Boland failed to address whether the Tenth Circuit's decision, which determined that Plaintiff's postconviction claim was frivolous, was law of the case.  Although Judge Boland did not explicitly set forth the standard for determining whether the law of the case doctrine applied, the Court notes that his recommendation cites *McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1034-35 (10th Cir. 2000), which sets forth the standard.  Moreover, Judge Boland explicitly concluded, "The circuit court's ruling is the law of the case." (Doc. # 55 at 17.)  Plaintiff states, "For the reasons provided in the plaintiff's Response to the Defendants' Motion to Dismiss, the court of appeals' decision was unreasonable and clearly erroneous and

should not be followed by the district court in this case." (Doc. # 56 at 5.) In this sense, Plaintiff does not "properly object[]" to this portion of the Recommendation. Instead, he reiterates arguments that were properly before Magistrate Judge Boland at the time his Recommendation issued. Nonetheless, the Court disagrees with Plaintiff's contention that the Tenth Circuit's well-reasoned decision is clearly erroneous. Because that decision is law of the case, Judge Boland properly recommended that claim three be dismissed.

Last, Plaintiff objects to Judge Boland's recommendation that this Court dismiss his fourth claim because "[h]e incorrectly concluded that Defendant Ladd did not violate the plaintiff's right of access to the courts . . . ." (*Id.*) However, Judge Boland's determination was based on his conclusion that Plaintiff did not sufficiently allege an actual injury because he did not show that "the denial of legal resources hindered [his] efforts to pursue a nonfrivolous claim." (Doc. # 55 at 15 (citing *Lewis v. Casey*, 518 U.S. 343, 356 (1996); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996)). As discussed above, Judge Boland properly determined that the Tenth Circuit's determination is law of the case and therefore, appropriately recommended this Court dismiss claim four on that basis.

As required by 28 U.S.C. § 636(b), the Court has conducted a *de novo* review of this matter, including carefully reviewing all relevant pleadings, the Report and Recommendation, and Plaintiff's Objection to the Report and Recommendation. Based on this *de novo* review, the Court concludes that the Magistrate Judge's Report and Recommendation is correct and is not called into question by Plaintiff's Objection.

3

Accordingly, it is hereby ORDERED that Plaintiff's objection (Doc. # 56) is OVERRULED. It is

FURTHER ORDERED that the Amended Recommendation of United States Magistrate Judge Boyd N. Boland (Doc. # 55) is AFFIRMED and ADOPTED as an Order of this Court. Pursuant to the Recommendation, it is

FURTHER ORDERED that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), (Doc. # 40) is GRANTED IN PART AND DENIED IN PART, it is

FURTHER ORDERED that the claims one, three, and four are DISMISSED WITHOUT PREJUDICE.

The only remaining claim is claim two.

DATED: July  15 , 2014

BY THE COURT:

_Christine M Arguello_
_____
CHRISTINE M. ARGUELLO
United States District Judge