**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-03241-CMA-NYW

ADAM DMYTRYSZYN,

    Plaintiff,

v.

TOM CLEMENTS, Executive Director,
LIEUTENANT BERNADETTE SCOTT,
CAPTAIN T. SCOTT,
LIEUTENANT MAGELSON,
MAJOR BILDERAVA,
CAPTAIN BOLT,
SUPERINTENDENT JAMES FALK, and
SERGEANT STEPHEN LADD,

    Defendants.

---

**ORDER ON PENDING DISCOVERY MOTIONS**

---

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Plaintiff Adam Dmytryszyn's Motion to Compel to Compel Production of Document ("Motion to Compel Documents) [#70], Motion to Compel to Compel Defendants to Answer Plaintiff's Interrogatories and Review the Objections Thereto ("Motion to Compel Interrogatory Responses") [#71], and Motion to Review Sufficiency of Defendant's Responses and Objections to Plaintiff's Request for Admissions ("Motion to Review RFAs") [#72] (collectively, the "Motions"). Pursuant to the Order Referring Case dated November 20, 2014 [#19] and the memorandum dated February 19, 2015 [#74], the Motions were referred to this Magistrate Judge. The court has now reviewed the papers, the underlying discovery, and the applicable case law, and has determined that oral argument would not

materially assist in the resolution of these motions. For the reasons set forth herein, the court hereby GRANTS the Motion to Compel Documents; GRANTS IN PART and DENIES IN PART the Motion to Compel Interrogatory Responses, and DENIES the Motion to Review RFAs.

## BACKGROUND

Plaintiff Adam Dmytryszyn ("Plaintiff" or "Mr. Dmytryszyn") initiated this action against Defendants Tom Clements, the former Executive Director of the Colorado Department of Corrections; Lieutenant Bernadette Scott; Captain T. Scott; Lieutenant Maggelson; Major Bilderava; Captain Bolt; Sergeant Stephen Ladd; and Superintendent James Falk on December 12, 2012, pursuant to 42 U.S.C. § 1983. Then on August 22, 2013, Plaintiff filed an Amended Complaint adding Jerri Macintosh as a defendant. [#28]. All the named Defendants, through joint counsel, then filed a Motion to Dismiss. [#40]. After an Order granting Motion to Dismiss, the only surviving claim is one against Defendants Bernadette Scott, Lieutenant T. Scott, Lieutenant Maggelson, Major Bilderava, Captain Bolt, and Superintendent James Falk (collectively, the "Defendants") alleging that the Defendants' decision to censor a publicly available report from the United States Department of Justice deprived him of his rights to freedom of speech and to receive publications in violation of the First and Fourteenth Amendments. [#57].

On August 21, 2014, the court entered a Scheduling Order in the case. [#62]. The Scheduling Order set discovery limitations, including ten interrogatories per side; ten requests for production per side; and ten requests for admissions per side, all including discrete subparts.

[*Id.* at 1]. Subsequently, upon Plaintiff's motion, the court allowed an additional five interrogatories, requests for admissions, and requests for production. [#67].

## I. Plaintiff's Motion to Compel Documents

Mr. Dmytryszyn filed his Motion to Compel Documents on February 17, 2015. [#70]. He seeks to compel Defendants to produce the publication, *Eyewitness Evidence: A Guide for Law Enforcement*, the very publication that was withheld by Defendants that forms the basis of his remaining cause of action. [*Id.* at 2]. Mr. Dmytryszyn argues that he "needs the publication to prepare and present this case effectively. He does not know what the publication actually contains, and he is proceeding on a good faith belief and speculation. The plaintiff needs to review the publication to make a fair and accurate assessment of it and to fairly effectively present his case." [*Id.*] Alternatively, Plaintiff requested that Defendant permit inspection of the publication under supervision in the prison's law library. [*Id.*]

Defendants object to its production, arguing that "the propriety of the Defendants' prior censorship of this publication on the basis of safety and security is the central dispute to be resolved in this case." [#78 at 3]. Defendants further argued that a *pro se* prison inmate "should not be permitted to use written discovery requests as a means to obtain a censored publication where the proprietary of the very censorship of the publication is the ultimate issue for the Court to determine in resolving the lawsuit." [*Id.*] Defendants did not address Plaintiff's alternative suggestion that he be given access to the document through the prison law library. [*Id.*] Rather, they asserted that "[t]he proper way to resolve the dispute regarding the censorship of the publication in question is for the parties to litigate the matter through a dispositive motion and/or

3

at trial, at which time the publication will likely be submitted to the Court *in camera*, along with appropriate an [sic] affidavit(s) explaining the grounds for the censorship." [*Id.*]

It appears that Defendants' only objection was providing the publication to Mr. Dmytrysyzn while he was incarcerated. Mr. Dmystryszyn is no longer incarcerated [#79] and it is undisputed that the publication is freely available on the internet. Therefore, there is no reason that Defendants cannot provide a copy of the publication to Mr. Dmytryszyn at his address of record, as any concern regarding the effect upon the greater prison population is now moot.

## II.     Plaintiff's Motion to Compel Interrogatory Responses

In a separate motion, Plaintiff seeks to strike objections made by Defendants in response to Interrogatory Nos. 3, 5, 7, 8, and 10. [#71]. As an initial matter, Plaintiff argues that he submitted Interrogatories to all Defendants, but only one, Lieutenant Bernadette Scott, responded. [*Id.* at ¶1]. Defendants argue that limiting the response to a single Defendant is appropriate, because the court limited Plaintiff to serving fifteen interrogatories "per side." [#76 at 3]. Defendants then stated, "Plaintiff did not indicate specifically to whom his Interrogatories were directed. Because this case predominantly concerns the handling of an item of Plaintiff's mail, Plaintiff's Interrogatories were directed to Defendant Lt. Bernadette Scott, who holds a supervisory position over the mailroom, for a response."  [*Id.* at 3].

The court respectfully disagrees with Defendants that the Scheduling Order contemplates that Plaintiff is limited to fifteen interrogatories split amongst all Defendants. Indeed, that would mean that Plaintiff was originally allotted less than two interrogatories per individual Defendant, and that Mr. Dmystryzyn was expected to propound identical interrogatories on each of the individuals to obtain a full and complete answer.

The court further rejects Defendants' position that they may unilaterally target Mr. Dmytryszyn's interrogatories to Lieutenant Scott and ask no other Defendants to respond. As an initial matter, Defendants have never distinguished between themselves. All of the papers filed by Defendants have been filed collectively. For instance, the Answer makes no distinction between the knowledge of the various individual Defendants. [#60]. Nor do Defendants' objections to the Interrogatories at issue suggest that Defendants' objections to the Interrogatories were because Mr. Dmytryszyn propounded too many discovery requests based on Defendants' count. [#76]. Moreover, Defendants never explain how it would be overly burdensome for all of the Defendants to be asked about their respective knowledge before a response to the interrogatories were propounded. [*Id.*] Therefore, Defendants must supplement their responses to Interrogatory Nos. 3, 5, 7, 8, and 10 to reflect the collective knowledge of all Defendants. To the extent that the substance of the responses does not change, Defendants' counsel is directed to certify, as an officer of the court, that she has asked all Defendants to respond to the identified Interrogatories and the existing responses are complete and accurate.

Most of Plaintiff's other complaints regarding Defendants' responses to Interrogatory Nos. 3, 5, 7, 8, and 10 should be remedied once the knowledge of all Defendants are reflected in the supplemental responses. However, with respect to Interrogatory No. 7, Defendants' response is incomplete and evasive. Interrogatory No. 7 plainly inquires "State the name of the person who is responsible for reviewing decisions to censor publications or deciding appeals." [#71 at 2]. Defendants do not object, but do not state any name. [*Id.* at 3]. Defendants attempt to justify this approach by arguing, "[i]n the manner that Plaintiff drafted Interrogatory No. 7, Plaintiff was seeking general information as to who is responsible for reviewing decisions of the Reading

5

Committee to censor publications. He was not seeking the identity of the person who conducted a particular review of a particular publication on a particular occasion, but rather, who is generally assigned this responsibility." [#76 at 8]. The court respectfully disagrees that Defendants' interpretation of Interrogatory No. 7 is a fair reading of what Plaintiff asks. To the extent that Major Tim Usry, who is identified by Defendants' response to Interrogatory No. 8, is also the individual who should be named in response to Interrogatory No. 7, Defendants should supplement to so state. If there are additional individuals who were "responsible for reviewing decisions to censor publications or deciding appeals" during the relevant time period, Defendants should identify them by name in their supplemental interrogatory responses,

With respect to Interrogatory No. 10, Mr. Dmytrysyzn sought "the names of any persons who contacted you to inquire about the facts of this case prior to July 25th, 2014, including your defense counsel, Assistant Attorney General Nicole S. Gellar, or anyone else from the Colorado Attorney General's office." [#71 at 3]. Defendants objected, asserting the attorney-client privilege and work product doctrine. The attorney-client privilege generally only protects legal communications between a client and her attorney, not the identity of individuals who participated in such conversation. *In re Grand Jury Subpoenas*, 906 F.2d 1485, 1488 (10th Cir. 1990). And the information sought by Mr. Dmytrysyzn is not the type that inherently reflects privileged information. *Id.* Therefore, the court will compel Defendants to further supplement their response to Interrogatory No. 7. To the extent the individual names responsive to Interrogatory No. 10 are limited to those identified by Defendants in their Response [#76 at 10], Defendants' supplemental response should so state.

### III.     Plaintiff's Motion for Review

Plaintiff also challenges the sufficiency of Defendants' responses to his Requests for Admissions. [#72]. Defendants' Response is similar to the one filed in opposition to Plaintiff's Motion to Compel Interrogatories, and argues that their objections are valid and the responses are sufficient. [#77].

Requests for Admission are governed by Rule 36 of the Federal Rules of Civil Procedure, which provides that a "party may serve on any other party a written request to admit, for the purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1). The Rule requests that each matter be separately stated. Fed. R. Civ. P. 36(a)(2). If the matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  Fed. R.Civ. P. 36(a)(4).

Reviewing Defendants' responses to Plaintiff's Requests for Admissions against these standards, the court finds that Defendants have properly responded to them. In fact, in some instances, Defendants go beyond the requirements of Rule 36. For instance, in response to Requests for Admission No. 4, Defendants not only deny, but explain the basis for the denial – which is not required by the Rule.

## CONCLUSION

For the reasons set forth herein, IT IS ORDERED:

(1)     Plaintiff's Motion to Compel Motion Production of Document [#70] is GRANTED;

(2) Plaintiff's Motion to Compel Defendants to Answer Plaintiff's Interrogatories and Review the Objections Thereto [#71] is GRANTED IN PART AND DENIED IN PART, and

(3) Plaintiff's Motion to Review Sufficiency of Defendant's Responses and Objections to Plaintiff's Request for Admissions [#72] is DENIED; and

(4) Defendants are directed to supplement their discovery responses consistent with the direction in this Order no later than **May 13, 2015**.

DATED April 29, 2015                                        BY THE COURT:


                                                            s/ Nina Y. Wang
                                                            United States Magistrate Judge