**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-03241-CMA-NYW

ADAM DMYTRYSZYN,

    Plaintiff,

v.

TOM CLEMENTS, Executive Director,
LT. BERNADETTE SCOTT,
CAPTAIN T. SCOTT,
LT. MAGGELSON,
MAJOR BILDERAVA,
CAPTAIN BOLT,
SERGEANT STEPHEN LADD, and
SUPERINTENDENT JAMES FALK,

    Defendants.

_____

**ORDER DIRECTING PAYMENT OR TO SHOW CAUSE**
_____

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendants Bilderaya, Bolt, Falk, Ladd, Maggelson, Bernadette Scott, and T. Scott's (collectively, "Defendants") Motion to Dismiss for Failure to Make Payment Toward the Filing Fee, filed on April 8, 2015 [#80] ("Motion to Dismiss"). The Motion to Dismiss was referred to this Magistrate Judge pursuant to the Order Referring Case dated November 18, 2013 [#36], the Reassignment dated February 9, 2015 [#69] and the Memorandum dated April 10, 2015 [#81]. The court has carefully considered the Motion to Dismiss, Plaintiff Adam Dmytryszyn's Response [#86], and Defendants' Reply [#88], and the applicable case

law. Because neither party adequately addressed Plaintiff Adam Dmytryszyn's failure to comply with a previous court order directing payments of the filing fee in installments during his incarceration, this court orders Plaintiff to make payment of the $350 filing fee to the Clerk of the Court for the United States District Court for the District of Colorado, or to show cause why this case should not be dismissed pursuant to Fed. Rule Civ. P. 41(b) for failure to make payments as directed by prior court order.

## BACKGROUND

Plaintiff Adam Dmytrysyzn ("Plaintiff" or "Mr. Dmytryszyn") filed his Complaint in this action on December 12, 2012. [#1] (the "Complaint"). At the time of filing, Mr. Dmytryszyn was incarcerated at the Colorado Department of Corrections' correctional facility in Sterling, Colorado. [*Id.* at 6].[1] The factual core of Plaintiff's subsequently amended Complaint, as pled, is that a number of employees at that correctional facility—including the remaining Defendants in this litigation (*i.e.* Defendants Bernadette Scott, Lieutenant T. Scott, Lieutenant Maggelson, Major Bilderava, Captain Bolt, and Superintendent James Falk)—improperly censored a publically available report from the United States Department of Justice that Mr. Dmytrysyzn wished to rely on in challenging the criminal conviction giving rise to his incarceration. [#28 at 4-15]. Based on these allegations, this court previously held that Plaintiff's Amended Complaint sufficiently pled a 42 U.S.C. § 1983 claim for alleged violations of Mr. Dmytrysyzn's constitutional rights under the First and Fourteenth Amendments. [#57].

---

[1] Because Mr. Dmytrysyzn's original and amended Complaints are not consecutively paginated, the court cites to the page numbers assigned by the CM/ECF docketing system.

Under 28 U.S.C. § 1915 of the Prisoner Litigation Reform Act ("PLRA"), a prisoner seeking to initiate a lawsuit in federal court is obliged to pay the full amount of a filing fee. However, under § 1915(b)(1), a prisoner lacking the financial means to pay in full at the time of filing may seek relief to proceed *in forma pauperis* ("IFP"), allowing the prisoner to pay the fee in installments. Concurrent with the filing of his Complaint, Mr. Dmytryszyn also filed a Motion and Affidavit seeking relief to proceed IFP. [#3]. On December 14, 2014, the court granted Mr. Dmytryszyn's request (the "IFP Order"). [#8]. The court's IFP Order expressly provided that "Plaintiff's custodian shall disburse from Plaintiff's prison account monthly payments of 20 percent of the preceding month's income credited to this prison account until he has paid the total filing fee of $350.00." [*Id.* at 2]. The IFP Order also expressly warned that "[i]nterference by Plaintiff in the submission of these funds shall result in the dismissal of this action." [*Id.*].

In their Motion to Dismiss for Failure to Make Payment Toward the Filing Fee [#80] ("Motion to Dismiss"), Defendants note that the "docket does not reflect that Plaintiff has made any payments of any amount toward the $350 filing fee, nor has he filed any documents to show cause why he cannot do so." [#80 at 3]. Defendants also observe that Plaintiff provided the court notice in March of 2015 that he had moved out of the state of Colorado after being released on parole. [*Id.*]. In response, Mr. Dmytryszyn contends that his apparent failure to make any payment during more than two years of incarceration "is strictly the concern of the court clerk." [#86 at 1] ("Response"). Mr. Dmytryszyn also asserts that, because he is now paroled, the PLRA's monthly payment installment requirements no longer apply to him. [*Id.*].

**ANALYSIS**

**I.    Standard of Review**

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply" with the Federal Rules "or a court order," a defendant "may move to dismiss the action or any claim against it." *Id.* In considering whether to dismiss a case with prejudice under Rule 41(b), the court must assess: "(1) the amount of actual prejudice to the opposing party; (2) the degree of interference with the judicial process; (3) the litigant's culpability; (4) whether the litigant was warned in advance that dismissal was a likely sanction; and, (5) whether a lesser sanction would be effective." *Cosby v. Meadors*, 351 F.3d 1324, 1333 (10th Cir. 2003) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)). By contrast, pursuant to Rule 41(b), a district court may enter dismissal without prejudice "without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007).

**II.    Application to Motion to Dismiss**

In their Motion to Dismiss, Defendants argue that Plaintiff's failure to pay any filing fees during incarceration or since his parole should result in dismissal of this action. [#80 at ¶ 15]. Defendants also argue that Plaintiff has failed to move for *in forma pauperis* status since his release. [*Id.* at ¶ 14]. Plaintiff's Response, however, principally consist of argument regarding whether and how the PLRA's filing fee requirements might continue to apply to prisoners who initiate litigation while incarcerated, successfully seek IFP filing status pursuant to the PLRA, and are subsequently released while the litigation remains pending (and some or all applicable filing fees remain unpaid). [#86 at 1].

4

The Tenth Circuit has previously declined "to decide whether the PLRA's filing fee requirements apply to a complainant who is incarcerated at the time he files notice of appeal but is subsequently released." *Carson v. Tulsa Police Department*, 266 F. App'x 763, 767 (10th Cir. 2008) (noting split of authority in the courts of other circuits). For purposes of this show-cause order, this court also need not resolve that question because it appears that, based on the record before the court, Plaintiff has failed to make any payments toward the filing fee of this action. [#80 at ¶¶ 7, 9]. Given the fact that the IFP Order was entered in December 2012, it is unclear whether there would be any balance to the $350 filing fee at the time of Plaintiff's release from incarceration. Even if Plaintiff's monthly payment obligations under the PLRA terminated on release going forward, that alone would not excuse or cure prior failure to comply with an order of this court, his apparent failure to pay any of the filing fee, or his failure to file for *in forma pauperis* status as a non-prisoner. *See Duran v. Crandell*, Civil Action No. 10-cv-2490-PAB-KMT, 2012 WL 1414449, *1-*2 (D. Colo. April 24, 2012).

The court accordingly orders Mr. Dmytryszyn, no later than September 30, 2015, to (1) make the payment of the $ 350 filing fee; or (2) to show cause in writing why this case should not be dismissed with prejudice pursuant to Fed. Rule Civ. P. 41(b), or, in the alternative, why it should not be dismissed without prejudice, for failure to comply with the IFP Order. The written response contemplated by this order should explain all efforts undertaken by Mr. Dmytryszyn to comply with the court's December 14, 2012 IFP Order [#8]. In addition, to the extent that Mr. Dmytryszyn takes the position that he has no assets and no means by which to make the payment, he must also file a proper amended motion for leave to proceed *in forma pauperis* no later than September 30,

2015. Plaintiff is advised that if he fails to comply with these requirements, this court will recommend that this case be dismissed for failure to comply with this Order and with the court's prior IFP Order.

## CONCLUSION

Based on the court's review of the papers and application of the pertinent case law, IT IS HEREBY ORDERED that:

(1) IT IS ORDERED that no later than **September 30, 2015**, Plaintiff Adam Dmytrysyn shall make payment of the $350 filing fee to the Clerk of the Court for the United States District Court for the District of Colorado, or show cause, in writing, **on or before September 30, 2015**, why this action should not be dismissed with prejudice pursuant to Fed. Rule Civ. P. 41(b) based on Plaintiff's apparent failure to comply with the court's December 14, 2012 IFP Order [#8], or, in the alternative, why this action should not be dismissed without prejudice; and

(2) To the extent that Plaintiff takes the position that he has no assets and no means by which to make the payment, he must file a proper amended motion for leave to proceed *in forma pauperis* no later than **September 30, 2015.**

DATED September 9, 2015.                          BY THE COURT:


                                                  /s/ Nina Y. Wang_____
                                                  United States Magistrate Judge