**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-03241-CMA-NYW

ADAM DMYTRYSZYN,

    Plaintiff,

v.

TOM CLEMENTS, Executive Director,
LT. BERNADETTE SCOTT,
CAPTAIN T. SCOTT,
LT. MAGGELSON,
MAJOR BILDERAVA,
CAPTAIN BOLT,
SERGEANT STEPHEN LADD, and
SUPERINTENDENT JAMES FALK,

    Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER TO SHOW CAUSE**
_____

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendants Bilderaya, Bolt, Falk, Ladd, Maggelson, Bernadette Scott, and T. Scott's (collectively, "Defendants") Motion to Dismiss for Failure to Make Payment Toward Filing Fee, filed on April 8, 2015 [#80] ("Motion to Dismiss").[1]  The Motion to Dismiss was referred to this Magistrate Judge pursuant to the Order Referring Case dated November 18, 2013 [#36], the Reassignment dated February 9, 2015 [#69] and the Memorandum dated April 10, 2015

---

[1] This Recommendation refers to the ECF docket number for documents, and the page number as assigned by the court's ECF system for consistency and ease of reference.

[#81]. In light of the record then before it, including the Parties' briefing on the Motion to Dismiss, the court previously entered an Order Directing Payment or to Show Cause, requiring Plaintiff Adam Dmytryszyn ("Plaintiff" or "Mr. Dmytryszyn") to either make payment in full to the Clerk of Court of the filing fee in this action, or to show cause why this case should not be dismissed for Plaintiff's apparent failure to make incremental payments as previously ordered [#8] in conformity with 28 U.S.C. § 1915 while proceeding *in forma pauperis* as an inmate. [#101] (the "Order to Show Cause"). On September 28, 2015, Plaintiff filed a Response to the Order to Show Cause. [#103] ("Response").[2] The court has carefully reviewed the Parties' briefing on the Motion to Dismiss, Plaintiff's Response to the court's Show Cause Order, is sufficiently advised of the premises, and finds that oral argument would not materially assist the court's disposition of the Motion to Dismiss. For the reasons stated below, the court respectfully RECOMMENDS that the Motion to Dismiss be DENIED.

## BACKGROUND AND PROCEDURAL HISTORY

On December 12, 2012, Plaintiff filed his original Complaint in this case. [#1]. At the time of filing, Mr. Dmytryszyn was incarcerated at the Colorado Department of Corrections' correctional facility in Sterling, Colorado. [*Id.* at 6]. Concurrent with the filing of his original Complaint, Mr. Dmytryszyn filed a Motion and Affidavit seeking leave to proceed *in forma pauperis* ("IFP"). [#3]. The attached certified statement of account activity for the six months immediately preceding filing of Plaintiff's original Complaint shows a negative balance throughout, and reflects $30.45 in deposits. [*Id.* at 4-6].

---

[2] Plaintiff also filed a separate renewed Application to Proceed *In Forma Pauperis* on September 28, 2015 ("renewed IFP Application"). [#102].

Pursuant to 28 U.S.C. § 1915 of the Prisoner Litigation Reform Act ("PLRA"), although an inmate who brings a civil action *in forma pauperis* remains obligated to "pay the full amount of a filing fee," these fees are collected in installments. 28 U.S.C. § 1915(b)(1). To start, courts are directed "to assess and, when funds exist, collect . . . an initial partial filing fee of 20 percent of the greater" of either the monthly deposits to an inmate's account, or the average monthly balance in the inmates account, during the six month period preceding the filing at issue. 28 U.S.C. § 1915(b)(1)(A-B). Thereafter, the inmate is required to "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," subject to the provision that the "agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915(b)(2).

On December 14, 2014, the court granted Mr. Dmytryszyn's request to proceed *in forma pauperis* (the "IFP Order"). [#8]. The IFP Order provided that "Plaintiff's custodian shall disburse from Plaintiff's prison account monthly payments of 20 percent of the preceding month's income credited to this prison account until he has paid the total filing fee of $350.00." [*Id.* at 2]. Plaintiff was expressly warned that "[i]nterference by Plaintiff in the submission of these funds shall result in the dismissal of this action." [*Id.*].

Since at least March of 2015, Mr. Dmytryszyn has been released on parole. [#79]. In their Motion to Dismiss, Defendants argue that this action should be dismissed based on Plaintiff's failure to make payments while incarcerated as required by 28 U.S.C. § 1915 and this court's IFP Order. [#80]. In Response, Mr. Dmytryszyn

originally argued that any failure to make payments as previously ordered "is strictly the concern of the court clerk." [#86 at 1]. Mr. Dmytryszyn also argued that, because he is no longer incarcerated, the PLRA's monthly payment installment requirements no longer apply to him. [*Id.*].

Because the court was not persuaded that Mr. Dmytryszyn had adequately demonstrated cause for his failure to make payments as directed by the IFP Order—and because the court was also not persuaded that release from prison could retroactively cure non-compliance with a standing court order—the court entered an Order Directing Payment or to Show Cause on September 9, 2015. [#101] ("Order to Show Cause"). The Order to Show Cause provided that, absent payment of the full filing fee of $350 by September 30, 2015, Plaintiff was required to show cause in writing by that same date why this case should not be dismissed for Plaintiff's apparent failure to comply with the IFP Order. [*Id.* at 6]. Specifically, Mr. Dmytryszyn was directed to "explain all efforts undertaken by [Plaintiff] to comply with the court's December 14, 2012 IFP Order." [*Id.* at 5]. In the event Plaintiff were to take the position that he continues to lack the assets or means necessary to make payment, Plaintiff was also directed to file a proper amended motion for leave to proceed *in forma pauperis*. [*Id.* at 6].

On September 28, 2015, Plaintiff filed his Response. [#103]. Plaintiff's Response attaches an account statement reflecting deposits to Plaintiff's account in January of 2015, and the current balance. [*Id.* at 4]. The statement reflects a negative $477.52 balance, an available balance of $0.00, and $15.18 in deposits. [*Id.*]. Plaintiff represents to the court that his account "never had a positive balance" during his

4

relevant term of incarceration," that Plaintiff received "approximately $13.00 per month" in inmate pay (which Plaintiff asserts is the only money he received from any source while incarcerated), and that 90% of Plaintiff's income was automatically debited by the Department of Corrections toward debt, restitution, and filing fees in a state court action. [*Id.* at 2]. Plaintiff further represents that the available balance in his account was never greater than $1.51. [*Id.*]. Plaintiff's renewed IFP Application reflects $2,000 per month in gross income. [#102 at 2].

## ANALYSIS

### I.  Standard of Review

#### A.  Dismissal as Sanction for Failure to Comply With a Court Order

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply" with the Federal Rules "or a court order," a defendant "may move to dismiss the action or any claim against it." *Id.* In considering whether to dismiss a case with prejudice under Rule 41(b), the court must assess: "(1) the amount of actual prejudice to the opposing party; (2) the degree of interference with the judicial process; (3) the litigant's culpability; (4) whether the litigant was warned in advance that dismissal was a likely sanction; and, (5) whether a lesser sanction would be effective." *Cosby v. Meadors*, 351 F.3d 1324, 1333 (10th Cir. 2003) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)). By contrast, pursuant to Rule 41(b), a district court may enter dismissal without prejudice "without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007).

### B. PLRA's IFP Provisions

When funds are available, an inmate who initiates litigation in federal court proceeding *in forma pauperis* is obliged to pay an initial filing fee of 20 percent of the greater of either the monthly deposits to an inmate's account, or the average monthly balance of the account, during the six month period immediately preceding the litigation at issue. 28 U.S.C. § 1915(b)(1)(A-B). Subsequently, the inmate is required to "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," subject to the provision that the "agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915(b)(2). Construing these clauses together with respect to a prisoner's monthly payment obligations, the Tenth Circuit has held that Section 1915 "allows payment to be taken from the prisoner's account only where the amount in the account exceeds $10." *Shabazz v. Parsons*, 127 F.3d 1246, 1248 (10th Cir. 1997) (quotation omitted).

In the Order to Show Cause, the court declined to directly address whether the PLRA applied to Mr. Dmytryszyn as an inmate who was incarcerated at the time of the filing but subsequently released, because whether or not the PLRA applied, it appeared that Plaintiff had failed to comply with the court's prior IFP Order. [#101 at 5]. In light of Plaintiff's Response and renewed IFP Application, the court now turns to directly addressing the issue. In a case where the plaintiff was not incarcerated at the time of filing, but was incarcerated by the time of appeal, the Tenth Circuit held that, upon release and in the absence of bad faith, a district court "should exercise its discretion to

determine the amount of the outstanding fee obligation" if any incurred "prior to [the prisoner]'s release from prison," and "terms pursuant" to which the released prisoner may pay any remaining obligation. *Brown v. Eppler*, 725 F.3d 1221, 1231 (10th Cir. 2013). In an unpublished disposition, a panel of the Tenth Circuit extended the reasoning of *Brown* to a plaintiff who was incarcerated at the time of filing but was then subsequently released, like Mr. Dmytryszyn. In doing so, it found that the PLRA applied to that plaintiff from the time he filed his action until the time he was released. *See Dreismeier v. Werholtz*, 533 F. App'x 817, 820 (10th Cir. 2013) (unpublished). This court accordingly concludes that the PLRA applied to Mr. Dmytryszyn from the time he initiated this action until he was released in 2015, and because neither the partial filing fee nor the monthly payments have been paid, there is an outstanding obligation. *Id.*

## II. Application to Motion to Dismiss in Light of Plaintiff's Response to Order to Show Cause

The court now turns to the exercise of its discretion in recommending a disposition of Defendants' pending Motion to Dismiss. In the six months immediately preceding the filing of Plaintiff's original Complaint in December of 2012, Plaintiff's certified account statement reflects a negative balance during the entire six month period, and also reflects $30.45 in deposits. [#3 at 4-6]. Pursuant to 28 U.S.C. § 1915(b)(1)(A-B), Plaintiff's initial partial filing fee is assessed as $6.09, *i.e.*, 20% of $30.45.

Consistent with the account statements showing a negative balance in Plaintiff's prisoner account between June and December of 2012 [#3 at 4-6], and a larger negative balance in January of 2015 [#103 at 4], Plaintiff has also represented that the balance in his account was never positive during his incarceration, and that the vast

percentage (*i.e.* 90%) of the limited monthly deposits of "approximately $13.00 per month" in inmate pay were automatically deducted from Plaintiff's account for non-discretionary payment obligations. [#103 at 2]. The Tenth Circuit has held that Section 1915 "allows payment to be taken from the prisoner's account only where the amount in the account exceeds $10." *Shabazz v. Parsons*, 127 F.3d 1246, 1248 (10th Cir. 1997) (quotation omitted). Accordingly, in cases where a prisoner tenders an adequate explanation of "mandatory deductions and voluntary expenditures" and the prisoner's account "reflects no positive account balance," no "monthly payment is due and the case [cannot] be dismissed for failure" to make monthly installment payments. *Rutherford v. Medical Dept. of Dept. of Corrections*, 76 F. App'x. 893, 897 (10th Cir. 2003) (unpublished). Although the record currently before the court does not include certified account statements for the entire relevant duration of Plaintiff's incarceration, Plaintiff's Response to the court's Show Cause Order does not indicate that Plaintiff exhibited any bad faith in failing to make monthly installment payments on the filing fee in this action. Indeed, it appears that no monthly payment was due given the repayment of Mr. Dmytryszyn's other obligations under his sentence.

Accordingly, the court respectfully RECOMMENDS that the Motion to Dismiss be DENIED, so long as Plaintiff tenders the initial partial filing fee of $6.09 to the Clerk of Court[3] for the United States District Court for the District of Colorado within thirty (30) days of this Recommendation. The court specifically advises Plaintiff that should he fail to pay the $6.09 within thirty (30) days of this Recommendation, the court may amend

---

[3] The court has concurrently granted Plaintiff's renewed IFP Motion by separate order.

its Recommendation to recommend dismissal for failure to comply with the court's order and/or failure to appropriately prosecute this case.

### III.     Service on Executive Director Defendant Tom Clements

On November 12, 2013, moving Defendants Defendants Bilderaya, Bolt, Falk, Ladd, Maggelson, Bernadette Scott, and T. Scott waived formal service of the summons in this action pursuant to Fed. Rule Civ. P. 4(d). [#33]. The waiver of service noted that service was not waived and accepted as to Defendant Tom Clements, the former Executive Director of the Colorado Department of Corrections ("CDOC"), because Mr. Clements "is deceased and no longer a current [] employee" of the CDOC. [*Id.*]. Under Fed. R. Civ. P. 25(d), "an action does not abate when a public officer who is a party in an official capacity dies. . . . The officer's successor is automatically substituted as a party. . . . The court may order substitution at any time, but the absence of such an order does not affect the substitution." However, the court's review of the case file in this action does not indicate that either Roger Werholtz, Mr. Clements' successor as Interim Executive Director of the CDOC, or Rick Raemisch, the current Executive Director of the CDOC, has been served in this action.

### CONCLUSION

For the foregoing reasons, this court respectfully RECOMMENDS that:

(1)     Defendants' Motion to Dismiss [#80] be DENIED.[4]

---

[4] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely

In addition, the court ORDERS that:

(2)   Plaintiff be ordered to show cause no later than **November 12, 2015**, for Plaintiff's apparent failure to effect service on the Executive Director within 120 days of the filing of Plaintiff's original or amended Complaint in this action, as required by Fed. Rule Civ. P. 4(m), to the extent Plaintiff seeks to assert any official capacity claim against the Executive Director.[5]

DATED October 22, 2015                BY THE COURT:

*s/* Nina Y. Wang
United States Magistrate Judge

---

and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see*, *Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

[5] It does not appear that Plaintiff is asserting any claims against Mr. Clements in his individual capacity, but to the extent that he is, Plaintiff should clarify that in his response to the Order to Show Cause and address the service issues associated with such individual capacity claim.